86 C.C.P.A. (Patents)

### Application of MOJONNIER.
### Patent Appeal No. 5567.

United States Court of Customs
and Patent Appeals.
April 12, 1949.

Munson H. Lane, of Washington, D. C. (Thomas H. Ferguson, of Oak Park, Ill., and Philip E. Siggers, of Washington, D. C., of counsel), for appellant.

W. W. Cochran, of Washington, D. C. (J. Schimmel, of Washington, D. C., of counsel), for the Commissioner of Patents.

Before GARRETT, Chief Judge, and HATFIELD, JACKSON, O'CONNELL and JOHNSON, Judges.

JACKSON, Judge.

This appeal is from a decision of the Board of Appeals of the United States Patent Office affirming that of the Primary Examiner, finally rejecting all of the claims, 1 and 2, of an application for a patent, serial No. 538,792, filed June 5, 1944, with respect to alleged improvements in "Bottle Closures," as unpatentable over the following prior art.

Arnold, 191,295, May 29, 1877; Snyder, 1,633,197, June 21, 1927; Fink 2,168,822, August 8, 1939.

Claim 1 is considered illustrative of the subject matter and reads as follows: "1. A sanitary bottle closure comprising a unitary structure consisting of a bottle engaging ring, a slightly tapered stopper for entering the throat of the bottle, and an intervening strap; said ring being flexible and resilient and adapted to be stretched and snapped into position upon the neck of the bottle for use and to be stretched and removed from the bottle for cleansing; said strap being connected at one end to said ring in its plane and connected at its opposite end to the wider portion of said stopper so as to extend laterally therefrom and having a relatively wide horizontal dimension and being thin in a direction transverse thereto whereby the top of the stopper may rest freely against the side of the bottle with its smaller end extending outward, when in open position, and the length of said strap being relatively short whereby the stopper may be readily manipulated by the fingers of one hand when replacing and removing it from the bottle."

The device sought to be patented is clearly understandable from a reading of the quoted claim and needs no further description.

The Arnold patent relates to a bottle stopper attachment and comprises a tapered resilient cork closure into which a screw of spiral shaped wire extends for approximately three-fourths of its depth. The top of the wire is formed into a ring through which passes an elastic band which extends downwardly, and at its lower end surrounds the neck of the bottle. A metallic slide is placed upon the elastic band near the eye of the spiraled wire and another similar slide is on the band under the lip and near the neck of the bottle. It is said that the closure is applied to bottles containing medicine, and in that respect is an advantage as the stopper cannot be lost or soiled by contact with substances injurious to the contents of the bottle.

The Snyder reference relates to a closure for receptacles of various forms including bottles and is designed for such articles requiring frequent removal of the cap or cork, such as may be used with collapsible tubes. The closure is very similar to that defined in the involved claims, the principal

difference being that the stopper part of the closure instead of being tapered and entering the throat of the receptacle, covers the outside of the neck of the bottle or receptacle in cap-like fashion.

The Fink patent relates to closures for collapsible tubes, such as those which are used to contain tooth paste, shaving cream, and the like. The closure device is somewhat similar to that described in the involved claims, showing, as does the Snyder structure, an integral flexible closure comprising a ring, a closure cap, and a strap connecting the ring and cap.

It is not contended that claim 2 is patentably different from claim 1, and therefore, the former stands or falls with claim 1.

The Primary Examiner rejected the claims as lacking in invention over either the Snyder or the Fink patent in view of the Arnold patent. He held that there would be no invention in substituting the tapered plug or cork of the Arnold device for the cap-like closure of the Snyder or the Fink structures.

We think it is well known, as was pointed out by the Board of Appeals, that in general, bottle closures are either of the cap or plug type and that the selection of one or the other would be merely a matter of choice.

It is shown in the structure of the Arnold patent that the use of a "captive stop" is old, and in our opinion, the use of such kind of stopper for the cap type, as shown in the Snyder and Fink structures, would likewise be a matter of choice and entirely within the scope of ordinary mechanical skill, and, therefore, not inventive.

Affidavits of record show that appellant's device has been accepted by those engaged in the milk industry and that there has been an increase in the sales of those bottle closures. We have given careful consideration to the arguments advanced by counsel for appellant, and are convinced, while the structure defined by the claims is a very good practical kind of sanitary closure for use in connection with bottles containing milk which is to be tested, that from a structural standpoint it is clearly

unpatentable for the reasons we have stated herein.

For the reasons hereinbefore set out, the decision of the Board of Appeals is affirmed.